UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HAROLD PHIPPS,

                        Plaintiffs,

    -against-

DARRELL DAVIS,

                        Defendants.
-----------------------------------------------------------------X

Docket No.:

**COMPLAINT**

JUDGE RAMOS

12 CV 2970

      Plaintiff, HAROLD PHIPPS, by his attorneys, SOKOLOFF STERN LLP, hereby states as his Complaint:

### I. PARTIES

    1. Plaintiff Harold Phipps is a resident of the State of New Jersey.

    2. At all relevant times, plaintiff served as the executive director of a public housing authority located in the City of Peekskill, County of Westchester, State of New York.

    3. Plaintiff brings this action in his capacity as a private citizen and not on behalf of his employer.

    4. Upon information and belief, defendant Darrell Davis is a resident of the State of New York

    5. Upon information and belief, defendant Darrell Davis is a resident of the County of Westchester.

1

## II. JURISDICTION

6. Under 28 U.S.C. §1332, this Court has subject matter jurisdiction due to diversity of citizenship between the parties and an amount in controversy believed in good faith to exceed $75,000, exclusive of interest and costs.

7. Under 28 U.S.C. § 1391, venue is proper in this district in that the claim arose in this judicial district.

## III. FACTUAL ALLEGATIONS

8. Plaintiff has worked as an executive for public housing authorities for many years prior to the utterance of the false and defamatory words hereinafter set forth.

9. On March 12, 2012, the City of Peekskill Common Council held a public meeting commencing on or about 8:30 p.m. (hereinafter referred to as "the public City Council meeting")

10. On March 12, 2012, defendant attended the public City Council meeting as a member of the public.

11. On March 12, 2012, defendant was not a member of the City of Peekskill Common Council.

12. On March 12, 2012, approximately 42 minutes into the public City Council meeting, defendant began speaking from the podium during the public comment section of the public City Council meeting.

13. On March 12, 2012, during the public comment section of the public City Council meeting, defendant made reference to serving a FOIL request on the City of Peekskill for documents relating to a "lawsuit" against Mr. Phipps.

14. On March 12, 2012, during the public comment section of the public City Council meeting, defendant was holding paper(s) that purported to relate to a lawsuit against Mr. Phipps.

A. <u>The Bribery Allegation</u>

15. On March 12, 2012, defendant stated the following to the City Council during the public comment section of the City Council meeting:

> Mr. Phipps has been a busy man. Bribing people. Giving no-bid contracts to a firm in New Jersey where he's from.

(hereinafter referred to as "the bribery allegation").

16. As of the date of the public City Council meeting, there were no such allegations of bribery in any lawsuit against plaintiff relating to his employment with the Peekskill Housing Authority.

17. Upon information and belief, there were various citizens present during the public City Council meeting where defendant uttered the bribery allegation.

18. The public City Council meeting was videotaped and is available for viewing by the general public through the City of Peekskill's website www.cityofpeekskill.com.

19. The bribery allegation is false.

20. Defendant knew the bribery allegation was false at the time he uttered the bribery allegation.

21. Defendant acted with reckless disregard for the truth when he uttered the bribery allegation.

22. Defendant uttered the bribery allegation with actual malice and intent to harm plaintiff.

23. Defendant's statements were likely to be understood as defamatory by the ordinary person.

24. Defendant's statements reasonably appeared to state or imply assertions of objective fact.

25. Defendant's statements contained, or created the impression of, facts that are false and that malign plaintiff's honesty, trustworthiness, dependability, professional and business abilities, that impute a punishable crime, and that tend to injure plaintiff in his trade, business or profession.

B. The "Peeping Tom" Allegation

26. On March 12, 2012, defendant also stated the following to the City Council during the public comment section of the City Council meeting:

> One of the things that came out in this lawsuit is that Mr. Phipps is a Peeping Tom. And that there are parents at Bohlman Towers and the Housing Authority now who are up in arms because he put a little hidden camera in a room where little girls practice and change their clothes.

(hereinafter referred to as "the Peeping Tom allegation")

27. As of the date of the public City Council meeting, there was no such allegation in any lawsuit against plaintiff relating to his employment with the Peekskill Housing Authority whereby plaintiff was accused of installing a hidden camera and watching little girls practice and change their clothes.

28. Upon information and belief there were various citizens present during the public City Council meeting where defendant uttered the Peeping Tom allegation.

29. The public City Council meeting was videotaped and available to viewing by the general public through the City of Peekskill's website www.cityofpeekskill.com.

30. The Peeping Tom allegation is false.

31. Defendant knew the Peeping Tom allegation was false at the time he uttered the Peeping Tom allegation.

32. Defendant acted with reckless disregard for the truth when he uttered the Peeping Tom allegation.

33. Defendant uttered the Peeping Tom allegation with actual malice and intent to harm plaintiff.

34. Defendant's statements were likely to be understood as defamatory by the ordinary person.

35. Defendant's statements reasonably appeared to state or imply assertions of objective fact.

36. Defendant's statements contained, or created the impression of, facts that are false and that malign plaintiff's honesty, trustworthiness, dependability, professional and business abilities, that impute a punishable crime, and that tend to injure plaintiff in his trade, business or profession.

C. March 14, 2012 E-mail

37. On March 14, 2012, defendant wrote an e-mail to various people, including members of the Peekskill Housing Authority Board of Directors, officials from the U.S. Department of Housing and Urban Development ("HUD"), and members of the media.

38. In the e-mail, defendant wrote the following:

> I am writing to inform you that an official complaint was made against Mr. Harold Phipps to State Investigators. The complaint was filed on March 7, 2012. The complaint is based on an eyewitness account of extremely disturbing behavior exhibited by Mr. Phipps. We only learned of this because Mr. Phipps is again the subject of legal action involving allegations of sex discrimination and retaliation. Click here to read the article or check www.thedailypeekskill.com. The story is there.
>
> *Sadly, the complaint involves allegations that Mr. Phipps had installed a hidden camera in a room that the little girls' dance group, Stajettes practice in and change their clothes. They never knew the camera was there. No sign was ever put up announcing that the room was under video surveillance.*
>
> *Even more disturbing is that according to a witness, Mr. Phipps reviewed the tape of the girls- in front of staff- and made several lewd sexual remarks about these girls! This girls dance group's average age is 12 years old.*
>
> On behalf of the parents of these children and concerned citizens, we demand the immediate termination of Mr. Phipps.

(emphasis added).

39. As of the date of defendant's e-mail, there was no such allegation in any March 7, 2012 complaint to "State Investigators" accusing plaintiff of installing a hidden camera and watching little girls practice and change their clothes.

40. As of the date of defendant's e-mail, the cited media article did not contain the Peeping Tom allegation.

41. The Peeping Tom allegation was false.

6

42. Defendant knew the Peeping Tom allegation was false at the time he wrote the e-mail containing the Peeping Tom allegation.

43. Defendant acted with reckless disregard for the truth when he sent the e-mail containing the Peeping Tom allegation.

44. Defendant sent the e-mail containing the Peeping Tom allegation with actual malice and intent to harm plaintiff.

45. Defendant's statements were likely to be understood as defamatory by the ordinary person.

46. Defendant's statements reasonably appeared to state or imply assertions of objective fact.

47. Defendant's statements contained, or created the impression of, facts that are false and that malign plaintiff's honesty, trustworthiness, dependability, professional and business abilities, that impute a punishable crime, and that tend to injure plaintiff in his trade, business or profession.

## AS AND FOR A FIRST CAUSE OF ACTION OF DEFAMATION PER SE AS TO THE BRIBERY ALLEGATION

48. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth at length herein.

49. Special damages are presumed due to the nature of defendant's statements charging plaintiff with a serious crime and/or tending to injure in plaintiff's trade, business or profession.

50. As a result of the foregoing conduct, plaintiff has suffered and will continue to suffer severe mental anguish and pain, humiliation, and damage to his reputation.

51. As a result of the foregoing, plaintiff is entitled to an award of damages in an amount to be set at trial.

## AS AND FOR A SECOND CAUSE OF ACTION OF DEFAMATION PER SE AS TO THE PEEPING TOM ALLEGATION

52. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth at length herein.

53. Special damages are presumed due to the nature of defendant's statements charging plaintiff with a serious crime and/or tending to injure in plaintiff's trade, business or profession.

54. As a result of the foregoing conduct, plaintiff has suffered and will continue to suffer severe mental anguish and pain, humiliation, and damage to his reputation.

55. As a result of the foregoing, plaintiff is entitled to an award of damages in an amount to be set at trial.

**WHEREFORE**, plaintiff respectfully requests that this Court grant judgment to him containing the following relief:

    i. an award of damages in an amount to be determined at trial;

    ii. an award of punitive damages;

    iii. an order enjoining defendant from further publication of the defamatory statements;

    iv. the costs of the action, including reasonable attorneys' fees; and

   v. such other and further relief as this Court may deem just, equitable and proper.

Dated: Westbury, New York
   April 11, 2012

              SOKOLOFF STERN LLP
              *Attorneys for Plaintiff*

              Adam I. Kleinberg
              Anthony F. Cardoso
              355 Post Avenue, Suite 201
              Westbury, NY 11590
              (516) 334-4500

TO: Darrell Davis
   101 Ellwood Avenue
   Mount Vernon, NY 10552